5L 705
16L 512

JAMES O. BEASLEY *v.* THE STATE.

CRIMINAL LAW.  *Carrying arms.*  *Officer.*  To give an officer the benefit
of the exemption of the statute against carrying a pistol, he must
produce the process under which he claims to have acted, or a certi-
fied copy thereof, if in existence.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Da-
vidson county.  J. M. QUARLES, J.

BAXTER SMITH for Beasley.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Beasley was convicted of carrying a pistol in a
mode forbidden by statute, and the evidence establishes
the fact.  The offense was committed at the market-
house on the public square in Nashville, on the 1st
of January, 1880.  The defendant was a constable of
the county, and offered to prove by a witness intro-
duced that one Henry Plummer, colored, residing near
witness, was charged with robbery, and that a warrant
was issued for his arrest and placed in the hands of
the defendant, as constable, a short time before Christ-
mas, 1879, and witness knew that defendant was look-
ing for Plummer, "and said that the 1st of January,

45—VOL. 5.

1880, would be a good time to find said Plummer at the market-house, where a large crowd would be on that day, as it was the day for renting stalls, and the defendant had the warrant on that day for the arrest of said party;" that Plummer was a man of bad character and a dangerous man, and ran on the river at the time.

The State objected to the introduction of the evidence, and the court sustained the objection because the warrant or a certified copy was not produced or shown to be in possession of the defendant at the time.

The statute which makes the carrying of a pistol, except in a designated mode, a penal offense, exempts from its provisions "any officer or policeman while *bona fide* engaged in his official duties in the execution of process, or while searching for or engaged in arresting criminals." Acts of 1870, ch. 13, sec. 3, and 1879, ch. 186, sec. 3. The exemption only applies in favor of an officer while actually engaged in executing process, or searching for and arresting criminals. *Miller* v. *State*, 6 Baxt., 450. And the officer can only be engaged in the performance of these duties when he has the process in his hands. The best evidence of the existence of the process would be its production or a copy certified by the proper custodian. If in a civil action the officer justifies under process, he must produce it. The justification for the violation of the criminal law would seem to require the same character of proof. It is proof easily made, and the return on the process would, as a general rule,

Railroad Co. *v.* Franklin County.

render any other evidence unnecessary. Any other construction of the law would lead to uncertainty, not only as to the possession of the warrant, but its actual existence.

There is no error in the judgment and it must be affirmed.